## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**ARTIE JACKSON**                                            **PLAINTIFF/PETITIONER**


**VS.**                            **NO.  4:08-CV-03319 GTE-JTK**


**RAY HOBBS, Director,**
**Arkansas Department of Correction**              **DEFENDANT/RESPONDENT**


## <u>ORDER</u>

Before the Court are two motions related to the pending appeal of this Court's

Memorandum Opinion and Judgment filed July 20, 2010,[1] granting a writ of habeas corpus to

Petitioner Artie Jackson.  Respondent Ray Hobbs, Director of the Arkansas Department of

Correction (hereinafter referred to as "ADC") has filed a Motion to Stay this Court's ruling

pending appeal.  Petitioner Artie Jackson has filed a Motion for Release pending appeal.  During

a telephone conference on August 23, 2010, the Court discussed the motions with the parties and

requested additional information.[2]  Yesterday, on August 24, 2010, the parties filed a stipulation

addressing the Court's inquiries.[3]

---

[1] Docket entries # 19 # 20.  The Notice of Appeal, docket entry # 24, was filed on August 18, 2010.

[2] The discussion during the telephone conference was transcribed by Court Reporter Karen Baker.  The Court's statements made therein are hereby incorporated by reference in this Order.

[3] Docket entry # 33.

After carefully considering the issues presented, the Court grants both motions.  The

Court's Judgment will be stayed, but Jackson will be released pending the outcome of the appeal.

**A.      Stay While on Appeal**

The factors for issuance of a stay are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed
> on the merits;  (2) whether the applicant will be irreparably injured absent a stay; (3)
> whether issuance of the stay will substantially injure the other parties interested in the
> proceeding; and (4) where the public interest lies.[4]

The Court finds that its Judgment should be stayed.  Weighing heavily in favor of a stay

is the fact that it is in the public interest for the appellate courts to be heard on the important

constitutional issues presented in this case.  This Court views the case as illustrating a serious

flaw in Arkansas's criminal justice system, whereby Arkansas applies its rape shield statute in a

broad and sweeping fashion without properly focusing on the constitutional rights of the accused.

While this Court does not share the ADC's assessment that it has a strong likelihood of success

on appeal, it does recognize the possibility that a higher court may reach a different conclusion.

It further recognizes and respects the State of Arkansas's right to, and interest in, appellate

review.  Without a stay, Arkansas authorities likely will be required to decide whether to retry

Jackson before the appellate determination is complete.  Further, by directing Jackson's release

pending appeal, as discussed in more detail below, injury to Jackson will be minimized even

though a stay is granted.  After considering all four factors, the Court concludes that this

resolution strikes the appropriate balance in protecting the rights and interests of all interested

parties.

---

[4] *Hilton v. Braunskill*, 481 U.S. 770 (1987).

**B.     Release Pending Appeal**

The Court views the issue of whether a stay should be granted independently from the issue of whether Jackson should be released pending appeal.  The parties agree that *Hilton v. Braunskill*, supra,[5] is the leading Supreme Court case on point.  The Court quoted extensively from the *Braunskill* case during the telephone conference.

The presumption is that Jackson should be released pending the appeal.  Federal Rule of Appellate Procedure 23(c) provides:

> (c)     Release Pending Review of Decision Ordering Release.  While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeal, or the Supreme Court, or a judge or justice of either court orders otherwise – be release on personal recognizance, with or without surety.

As the Supreme Court made clear in *Braunskill*, when considering a successful habeas prisoner's release pending appeal a court may consider the traditional four factors regulating the issuance of a stay in addition to the language of Rule 23(c).  "Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules."[6]

Numerous factors support Jackson's release.  Jackson has no criminal history, other than the convictions in this case, which this Court has found should be set aside.  During the state court proceedings, Jackson was permitted to remain free on bond before trial and also pending his state appeal.  The parties agree he remained free without incident.  Counsel for the ADC acknowledged during the telephone conference that she knows of no facts suggesting that

---

[5]  481 U.S. 770.

[6]  *Braunskill*, 481 U.S. at 777.

Jackson, if released, will pose a flight risk.  She further acknowledged that she has no factual

basis, other than the convictions at issue, for arguing that Jackson poses a danger to the

community.  If released, Jackson will reside with his sister.  He is divorced from the victim's

grand-mother.  As a further condition of his release (and as agreed to by his counsel during the

telephone conference), Jackson must have no contact with the alleged victim or her family.

Finally, the Court notes that Jackson became eligible for parole on July 22, 2009.

Jackson's counsel contends that Jackson remains in prison because he denies his guilt.  The

Arkansas Parole Board has implemented a policy requiring completion of the Reducing Sexual

Violence Program ("RSVP") before granting parole.[7]  Successful completion of the RSVP

requires the participant to acknowledge that there is a victim of the offense. Thus, Jackson's

denial of guilt renders him unable to complete the RSVP and keeps him in prison,[8] even though

he might otherwise have been paroled by this time.[9]  Unless the Parole Board changes its policy

or Jackson completes the RSVP, the parties agree he is likely to remain in custody until

November 6, 2017.

"The State's interest in continuing custody and rehabilitation pending a final

determination of the case on appeal is also a factor to be considered; it will be strongest where

the remaining portion of the sentence to be served is long, and weakest where there is little of the

---

[7]  Arkansas law requires the Parole Board to consider "the work skills, education, rehabilitation, and treatment programs recommended to the inmate upon intake and determine whether the inmate took advantage of those opportunities while incarcerated in the department in making decisions regarding parole."  Ark. Code Ann. § 12-28-104.

[8]  The Court is not called upon to assess the legitimacy of the Parole Board's requirement.

[9]  It is unclear whether Jackson would, in fact, already have been paroled if he had completed the RSVP.

sentence remaining to be served."[10]   ADC's counsel argued during the telephone conference that the Court should view Jackson as having over 7 years left to serve of his 10 year sentence, which weighs in favor of continued custody.  The ADC is not arguing that custody is necessary for rehabilitation.  In fact, Jackson is apparently not eligible for rehabilitation (or parole) solely because he denies his guilt.  Rather, it appears that the ADC simply wants to continue to keep Jackson in prison.  Such desire is not alone sufficient to overcome Rule 23(c)'s presumption of release.

Finally, Jackson's denial of guilt in prison is consistent with his denial of guilt at trial.  As the Court has observed previously, Jackson was convicted based solely on the victim's testimony, but denied the opportunity to explore her motive to fabricate the charges or to adequately confront her on cross-examination.  Of course, this Court can not say whether Jackson is innocent or predict whether, if given a fair trial, he may be convicted.  It can say, however, that justice is not served by requiring him to remain incarcerated until he is either given a fair trial or this Court's ruling is reversed.

## C.    Conclusion

For the reasons herein stated,

IT IS THEREFORE ORDERED THAT the Motion for Stay filed by Respondent Ray Hobbs, Director of the Arkansas Department of Correction (docket entry # 22) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT Petitioner Artie Jackson's Motion for Order of Release (docket entry # 30) be, and it is hereby, GRANTED.  Pursuant to Rule 23(c) of the

---

[10] *Braunskill*, 481 U.S. at 777.

Federal Rules of Appellate Procedure, the Arkansas Department of Corrections is hereby directed to release Petitioner Artie Jackson forthwith and to permit him to remain free on a personal recognizance bond, without surety.  State authorities may elect to impose conditions on his release consistent with any defendant free on release pending appeal.

To implement the rulings of this Order, the Court proposes to enter the proposed Amended Judgment attached to this Order as Exhibit A.  If either party has any objection to the terms of the proposed Amended Judgment, they shall promptly make their objection known.

The brief delay in entry of the Amended Judgment shall not be cause for delay in directing the immediate release of Petitioner Artie Jackson.

IT IS SO ORDERED this  25th  day of August, 2010.

_/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ARTIE JACKSON**                                                    **PLAINTIFF/PETITIONER**

**VS.**                                    **NO.  4:08-CV-03319 GTE-JTK**

**RAY HOBBS, Director,
Arkansas Department of Correction**                    **DEFENDANT/RESPONDENT**

### *PROPOSED* AMENDED AND SUBSTITUTED JUDGMENT

This Judgment is entered in substitution for this Court's original Judgment[1] which is hereby

VACATED.   For the reasons stated in the Memorandum Opinion entered on July 20, 2010 and the

Order entered on August 25, 2010,

IT IS HEREBY CONSIDERED, ORDERED, AND ADJUDGED THAT Petitioner Artie

Jackson's § 2254 petition for writ of habeas corpus be, and it is hereby, GRANTED.  His state

convictions are hereby set aside.

Pending review of this Court's ruling, Petitioner Jackson shall be released from custody on a

personal recognizance bond based on Fed. R. App. P. 23(c).

If this Court's ruling to set aside the convictions is affirmed, the State of Arkansas shall take

the steps necessary to expunge the convictions from the record.  Additionally, the State of Arkansas

may, at its election, retry Jackson but only if trial proceedings are commenced not later than 90 days

after the date the appeal proceedings become final.

If this Court's ruling is overruled and the convictions are reinstated, the State of Arkansas shall

promptly advise Jackson when and where he shall report to continue serving his criminal sentence.

Dated this ____ day of August, 2010, nunc pro tunc, July 20, 2010.

**EXHIBIT A**

---

[1] Doc. No. 20.